UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Vance Mitchell,

|  |  |  |
|---|---|---|
| | Plaintiff, | Complaint |

-against-                                            CIVIL ACTION
                                                            18CV03599

PO James Causa, Shield No. 09174, NARCBBX;
PO John Doe 1-10, NARCBBX; Sgt. "John" Perez,
NARCBBX; Captain John Doe 11, NARCBBX; NYC,

Defendants.
_____X

**NOW COMES** the Plaintiff, **Vance Mitchell,** by and through his attorney, **D. Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows to this Court and allege:

## Preliminary Statement

1.      This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of his rights, privileges and immunities secured by Title 42 of the United States Code §1983, the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York, as well as the Charter, rules, regulations and ordinances of the City of New York.

2.      Plaintiff also asserts supplemental state law tort claims.

3.      Plaintiff seeks compensatory damages, punitive damages and attorney's fees for violations and deprivations of their civil and constitutional rights, privileges and immunities by the defendants, their agents, servants and employees, while acting under color of law in the course and scope of their employment and service as NYC police officers.

1

4.   Alternatively, if, the individual Defendant Police Officers were not acting under color of state law in the course and scope of their employment, agency and service, they were negligently acting beyond the scope of their duty as police officers.

5.   Plaintiff was stopped, searched, and seized in violation of his constitutional rights, privileges and immunities against unreasonable searches and seizures by the Defendants, members of the New York City Police Department, (hereinafter "NYPD").

6.   The Defendants City of New York, hereinafter, "**Defendant NYC**," operating through and in conjunction with the New York City Police Department ("NYPD"), have implemented and continue to conduct, enforce and sanction a dubious arrest policy which has resulted in a pattern and practice of disparate illegal stops, seizures, questioning, searches, use of force, false arrests and malicious prosecution of its citizens.

7.   Under the arrest practices, NYPD officers indiscriminately stop and question persons without objective individualized suspicion of a crime, and unlawfully arrest individuals without probable cause.

8.   Under the arrest practices, NYPD officers are incentivized by the prospect of overtime pay and other financial and non-financial rewards.

9.   Under the arrest practices, the precincts can pad their crime stats and justify larger budgets and other incentives.

10.   Defendant NYC and NYPD also discriminatorily acquiesce in, ratify, and fail to monitor or rectify NYPD officers' widespread unlawful practices.

2

11.     As a result, low to moderate income persons of color, like Plaintiff Mitchell being unconstitutionally detained and arrested without reasonable suspicion or probable cause.

12.     The decision to enforce the patrol policy and arrest practices in this disproportionate way is not explained or justified by underlying crime levels.

13.     The mandate of the NYPD is to safeguard community members from crime by providing security and otherwise delivering police services.

14.     Plaintiff Mitchell not provided protection on the same terms as other community members, rather they and those similarly situated are subject to, without limitation, unfounded stops, seizures, questioning, searches, and arrests when they are merely trying to enjoy the fellowship of their family and friends in public without unjustified government interference police intrusions.

15.     As a result of the defendants' acts and omission, Plaintiff Mitchell suffered damages, including without limitation, deprivation of his rights, privileges and immunities, as well as physical, emotional, mental and psychological injuries and damages.


## Jurisdiction

16.     That jurisdiction is founded upon the existence of a Federal Question.

17.     That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), which confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law, statute, ordinance, regulation, custom or usage.

3

18.    The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seventy-five thousand dollars ($75,000.00).

## Venue

19.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## Jury Demand

20.    Plaintiff demands a trial by jury in this action.

## Pendant State Claims:

21.    That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has been served upon the Comptroller of Defendant NYC.

22.    That pursuant to §50(h) of the General Municipal Law hearings has been held.

23.    That this action is commenced within one year and 90 days after the cause of action arose.

## Parties:

24.    Plaintiff Vance Mitchell, hereinafter "**Plaintiff Mitchell**," is a citizen of the State of New York within the jurisdiction of this court.

25.    On May 25, 2017 at all times relevant and material to this case **Defendant NYC** was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

4

26.   **Defendant NYC** is authorized under the laws of the State of New York to maintain, operate, and govern the NYPD, its precincts and personnel, all of whom act as Defendant NYC's agent and for which Defendant NYC is ultimately responsible.

27.   On May 25, 2017 at all times relevant and material to this case the Defendant NYC, its departments, agents, servants, and employees were charged with, including without limitation, hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the individual Defendant Police Officers herein.

28.    On May 25, 2017 at all times relevant and material to this case Defendant Police Officer James Causa, hereinafter "**Defendant Causa**," was employed by Defendant NYC and NYPD at the NARCBBX as a police officer. He is sued in his individual and official capacities.

29.    On May 25, 2017 at all times relevant and material to this case Defendant Police Officers John Doe 1-10, hereinafter "**Defendants Doe 1-10**," were employed by Defendant NYC and NYPD at NARCBBX as police officers. They are sued in their individual and official capacities.

30.   On May 25, 2017 at all times relevant and material to this case Defendant Sgt. "John" Perez, hereinafter "**Defendant Sgt. Perez**," was employed by Defendant NYC and NYPD at NARCBBX as a Police Officer with the rank of sergeant and first line supervisory responsibilities duties. He is sued in his individual and official capacities.

5

31.     On May 25, 2017 at all times relevant and material to this case, Defendant Captain John Doe 11, hereinafter "**Defendant Captain Doe 11,**" was employed by Defendant NYC and NYPD at NARCBBX, as a police officer with the rank of Captain and first line supervisory responsibilities duties. He is sued in his individual and official capacities.

32.     Upon information and belief, Defendant NYC and NYPD remain the public employer of the named defendant police officers.

33.     As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

34.     Defendants Doe 1-10, and Captain Doe 11, were employed by defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

35.     At all relevant times, the individual Defendant Police Officers were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

Statement of Facts

36.     This action arose out of a continuous incident that began on May 25, 2017 at around 12:00 midnight on a public street, Bronx County, State of New York.

37.     The incident culminated at the 42nd Precinct located at 830 Washington Ave, Bronx County, State of New York.

38.     On the date and time in question, Plaintiff Mitchell was present of a public street, Bronx County, State of New York with a group of men.

6

39.    There was no criminality afoot.

40.    Soon after Plaintiff Mitchell arrived at this public street, Lionel Edwards arrived and joined the group.

41.    There was still no criminality afoot.

42.    After a brief passage of time Plaintiff Mitchell and Lionel Edwards parted from the said group and proceeded in the same direction with still no criminality afoot.

43.    While walking near 169th Street between College and Morris Avenues, Defendant Causa along with Defendant Sgt. Perez and Defendant John Doe 1-10 stopped, detained and questioned Plaintiff Mitchell and Lionel Edwards.

44.    Defendant Causa along with Defendant John Doe 1-10 rear-cuffed, seized, and placed Plaintiff Mitchell and Lionel Edwards into a police vehicle for reasons then and there not disclosed.

45.    Defendant Causa along with Defendant Sgt. Perez and Defendant John Doe 1-10 drove the still rear-cuffed Plaintiff Mitchell and Lionel Edwards around in a police vehicle for about an hour before being taken to the 42nd Precinct, 830 Washington Avenue, Bronx County, City and State of New York.

46.    Defendant Causa along with Defendant John Doe 1-10 separated Mr. Mitchell and Mr. Edwards at the precinct.

47.    Defendant Causa along with Defendant Sgt. Perez and Defendant John Doe 1-10 falsely charged Plaintiff Mitchell with violating Penal Law 221.40, a Class-A Misdemeanor (Criminal Sale of Marihuana 4th Degree) without probable cause.

7

48.  Defendant Causa along with Defendant John Doe 1-10 unilaterally subjected Mr. Mitchell to a full body-cavity search without probable cause, reasonable suspicion or any other legal reason in full view of other civilians.

49.  The result of the said full body-cavity search was negative.

50.  None of the other police officers present, including without limitation Defendant Sgt. Perez, intervened on behalf of Claimant Mitchell.

51.  After about several hours of holding Claimant Mitchell incommunicado, the defendants voided Plaintiff Mitchell's arrest.

52.  After several hours of holding Claimant Mitchell incommunicado, Defendant Causa along with Defendant John Doe 1-10 released Claimant Mitchell.

53.  Defendant Causa along with Defendant John Doe 1-10 earned overtime pay on the date and time in question.

54.  Defendant Sgt. Perez approved Defendant Causa's overtime pay.

55.  Each of the acts of Defendant Police Officers alleged herein were undertaken by said Defendant Police Officers in furtherance of their employment by Defendant NYC and NYPD with the power and authority vested in them as officers, agents and employees of Defendant NYC and NYPD and incidental to the lawful pursuit of their duties as officers, agents, assignees, employees, or servants, of Defendant NYC and NYPD.

## Plaintiff Mitchell's Injuries and Damages

56.  As a direct and proximate consequence of the aforementioned actions by the defendants:

8

57.  Plaintiff Mitchell was deprived of his rights, liberties, immunities and privileges in violation of his federal constitutional rights;

58.  Plaintiff incurred other items of attendant damages.

First Cause of Action
<u>Civil Rights Action 42 USC §1983: Arrest</u>

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

59.  At all times relevant herein, the Defendant Police Officers were subject to 42 U.S.C. §1983.

60.  Acting under the color of law, the Defendant Police Officers denied Plaintiff Mitchell of the rights, privileges and immunities secured by the United States Constitution and Federal Law.

61.  Each of the Defendant Police Officers' acts and omissions alleged herein were done under the color of law.

62.  Each of the Defendant Police Officers' acts and omissions alleged herein were undertaken by them while acting in the course and scope of their employment.

63.  The Defendant Police Officers acted with deliberate indifference to Plaintiff Mitchell's rights, privileges and immunities secured by federal and state law.

64.   As a direct and proximate result of the Defendant Police Officers' acts and omissions, Plaintiff Mitchell was deprived of his rights, privileges and immunities under the Constitution of the United States, the Constitution of the

9

State of New York, as well as the Charter, rules, regulations and ordinances of the City of New York.

65.    That at all relevant times, Defendant Police Officers:

        a.  falsely detained, arrested and imprisoned Plaintiff Mitchell;

        b.  filed a false arrest report and corresponding NYPD complaint in furtherance of said deprivation of liberty;

        c.  failed to intercede on behalf of Plaintiff Mitchell to prevent the Constitutional violations aforesaid, despite having an opportunity to do so;

        d.  denied Plaintiff Mitchell equal protection of the law;

        e.  engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff Mitchell;

        f.  deprived Plaintiff Mitchell of liberty without due process of law;

        g.  deprived Plaintiff Mitchell and Allen of the right to freely associate with each other, and;

        h.  retaliated against Plaintiff Mitchell for exercising their right to free speech.

66.    The Defendant Police Officers, by reasonable diligence, could have prevented the said wrongful acts and omissions from being committed.

67.    The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Mitchell's damages had they exercised their duty to intervene in the face of police misconduct.

68.    The Defendant Police Officers conduct violated 42 U.S.C. §1983.

10

69. As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Second Cause of Action
## Civil Rights Action 42 USC §1983:
## Detention and Confinement

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

70. As a result of the Defendant Officers' concerted and malicious detention and confinement of Plaintiff Mitchell, they deprived him of his rights to liberty in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States and 42 USC § 1983 thereby impeding the due course of justice.

71. Plaintiff Mitchell never consented to said detention and confinement.

72. Plaintiff Mitchell was conscious and aware of his detention and confinement.

73. As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Third Cause of Action
## Civil Rights Action 42 USC §1983
## Refusing or Neglecting to Prevent

11

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

74. At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Perez, Defendant Captain Doe 11, and Defendant NYC.

75. Acting under the color of law and pursuant to the official policy or custom of the Defendant NYC, Defendant Sgt. Perez, Defendant Captain Doe 11, knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty to refrain from:

   a. Unlawfully and maliciously arresting, imprisoning and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

   b. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the law of the State of New York, and;

   c. Otherwise depriving Plaintiff of his constitutional and statutory liberties, rights, privileges and immunities.

76. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate or stop the events alleged herein.

12

77. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, failed to, *inter alia*, report the unlawful conduct alleged herein to supervisors.

78. Those individual supervising Defendant Police Officers who were present but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, or discipline any participant.

79. As a direct and proximate result of this unlawful conduct, Plaintiff Mitchell sustained the damages herein alleged.

80. As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## Fourth Cause of Action
## Civil Rights Action 42 USC §1983
## Unlawful Seizure (Person)

Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

81. As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and unlawful warrantless search and seizure of his person without any probable cause, privilege or consent.

82. The search and seizure of the Plaintiff was objectively unreasonable and in violation of the Plaintiff's constitutional rights

13

83.   As a result of the foregoing, the Plaintiff's liberty was restricted for an extended
      period of time, and the Plaintiff was put in fear of his safety, was humiliated and
      subjected to handcuffing, and other physical restraints, all without probable cause
      and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty,
      emotional distress, mental anguish, embarrassment and humiliation, shame,
      indignity, damage to reputation and deprivation of his constitutional rights.

84.   As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general,
      special, compensatory and punitive damages against the defendants, and
      attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §
      1988.

Fifth Cause of Action
<u>Malicious Abuse of Process</u>

Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each
allegation contained in the proceeding paragraphs with the same force and effect
set forth herein, further alleges:

85.   Defendant Causa issued legal process to Plaintiff Mitchell under arrest.

86.   Defendant Causa arrested Plaintiff Mitchell to obtain collateral objectives outside
      the legitimate ends of the legal process, to wit, *inter alia*, to obtain more arrests,
      to obtain more indictments, to obtain more convictions, to obtain overtime pay,
      and to obtain promotions within their respective agencies.

87.   Defendant Causa acted with intent to do harm to Plaintiff Mitchell and to benefit
      himself.

14

88.   Defendants Doe 1-10, Defendant Sgt. Perez and Captain Doe 11, aided and abetted Defendant Causa.

89.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

90.   As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Sixth Cause of Action
Supervisory Liability Under 42 U.S.C. § 1983

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

91.   Upon information and belief, at all times relevant and material to this case, Defendant Sgt. Perez and Defendant Captain Doe 11 had direct first-line supervisory responsibilities over the officers at the NARCBBX.

92.   These responsibilities were required to be carried out in a manner consistent with the federal, state and local laws and mandates, directives and orders.

93.   Defendant Sgt. Perez and Defendant Captain Doe 11 were present in the field and at the precinct on the date and time of occurrence giving rise to this claim.

94.   At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Perez, Defendant Captain and Defendant NYC.

15

95.    Defendant Sgt. Perez and Defendant Captain Doe 11 knowingly, recklessly or
       with gross negligence failed to instruct, supervise, control, and discipline on a
       continuing basis the Defendant Police Officers in their duty to refrain from:

       a.    Unlawfully stopping, questioning, searching, seizing and prosecuting
             citizens like Plaintiff Mitchell in violation of their constitutional and
             statutory rights, privileges and immunities,

       b.    Conspiring to violate the rights, privileges and immunities
             guaranteed to citizens like Plaintiff Mitchell by the Constitution and
             the laws of the United States and the law of the State of New York,
             and;

       c.    Otherwise depriving citizens like Plaintiff Mitchell of their
             constitutional and statutory liberties, rights, privileges and
             immunities.

96.    Defendants Sgt. Perez and Captain Doe 11 personally caused Plaintiff Mitchell's
       deprivations and damages by being deliberately indifferent to safeguarding the
       rights of Plaintiff Mitchell.

97.    Defendants Sgt. Perez and Captain Doe 11 personally caused Plaintiff Mitchell's
       deprivations and damages by failing to properly supervise their subordinate
       employees regarding the care and custody, investigation and safeguarding of
       Plaintiff from abuse.

98.    Defendants Sgt. Perez and Captain Doe 11 personally caused Plaintiff Mitchell's
       deprivations and damages by failing to properly supervise their subordinate
       employees regarding the adequate and proper marshaling of evidence.

16

99.   Defendant Sgt. Perez and Defendant Captain Doe 11 personally caused Plaintiff Mitchell's deprivations and damages by condoning the enforcement of the policy of arbitrary stopping, searching and seizing persons without probable cause, reasonable suspicion or legal basis.

100.  As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

101.  As a result of the foregoing, Plaintiff is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Seventh Cause of Action
Municipal Liability

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

102.  Defendant NYC, and the NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to roving patrols, anti-crime, stop and frisk, use of force, strip searches, body cavity searches, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

103.   Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant NYC, through its agents, has enforced, promoted,

17

encouraged and sanctioned a policy, practice and custom of roving pedestrian checkpoints for general crime control and indiscriminate stops, searches and seizures of persons absent objective and individualized criteria.

104. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of stopping, searching, questioning, and seizing individuals.

105. The stops, searches and seizures are invariably executed without the reasonable cause, articulable suspicion or probable cause as required by the Fourth Amendment to the United States Constitution or Article 1, §12 of the New York State Constitution.

106. By sanctioning the arrest policy as practiced, Defendant NYC has unlawfully vitiated the rights, privileges and immunities of a class or demographic segment within New York City.

107. Defendant NYC has been deliberately indifferent to the impact and consequences of the patrol and arrest policy.

108. Defendant NYC has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of the vertical/interior patrol policy and trespass arrest practices.

109. The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant NYC, and NYPD, but which is forbidden by the Constitution of the United States.

18

110.    These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to: (a) the failure to adequately and properly, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; (c) the failure to adequately and properly screen and hire NYPD officers; (d)  the failure to rectify the NYPD's epidemic of baseless stops, seizures, questions, searches arrests and prosecutions, and; the failure to remove the financial incentive from making arrests.

111.    In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees.

112.    Upon information and belief, the aforementioned practices constitute unwritten NYPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

113.    Defendant NYC through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of police officers lacking the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

114.    Defendant NYC through the NYPD, has had, and still has supervisory practices that it knows will lead to lax supervision of police officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

19

115. Defendant NYC through the NYPD, has had, and still has disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

116. Defendant NYC and NYPD through the NYPD, have a de facto policy that invites, *inter alia*, unlawful stops, searches, seizures and prosecutions.

117. Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, *inter alia*, negligent investigations, the fabrication of evidence, false arrests, unlawful detentions, illegal searches, malicious prosecution and perjury.

118. Defendant NYC through the NYPD has de facto policies that encourage competition among employees which fosters, *inter alia*, improper manipulation of subordinates.

119. Defendant NYC through the NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

120. Defendant NYC, at all relevant times, was aware that the individual Defendant Police Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

121.    The Defendant NYC failed to properly and adequately investigate prior complaints filed against the defendants.

122.    Defendant NYC, through the NYPD, at all relevant times, was aware that the individual Defendant Police Officers were unfit officers who have previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

123.    The Defendant NYC, through a policy, practice and custom, directly and proximately caused Plaintiffs' deprivations and damages.

124.    Nevertheless, the Defendant NYC exercised deliberate indifference by failing to take remedial action.

125.     The existence of the aforementioned customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against Defendant NYC, including but not limited to the following cases:

    a.    <u>Lotorto v. City of New York</u>, 10CV1223(ILG)(JMA) (USDC EDNY), (police officers beat, arrest and destroy a video recording of a bystander who was recording an arrest occurring in public);

    b.    <u>Schoolcraft v. City of New York</u>, 10CV6005(RWS) (USDC SDNY), (police officer who exposed a precinct's policies and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing said policies and practices to the press);

21

    c.   <u>Long v. City of New York</u>, 09CV60990(AKH) (USDC SDNY); <u>People v. Pogan</u>, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly swore out a false complaint and used excessive force is convicted of falsifying police records and was prosecuted for recklessly using physical force, the plaintiff was engaged in expressive conduct when he was as salted by the office); (police officer at the 24th precinct issues four (4) summonses to a woman for her lodging a complaint against him with the Civilian Complaint Review Board at the precinct)

    d.   <u>Colon v. City of New York</u>, (09CV0008) (USDC, EDNY); (police officers fired for falsifying evidence);

    e.   <u>Taylor-Mickins v. City of New York,</u> 09CV7923(RWS) (USDC SDNY);

    f.   <u>Davis v. City of New York, et al</u>., 10 CV 699 (USDC SDNY) (SAS) (defendants NYC and NYCHA settled this class-action suit that challenged NYPD's vertical patrol policy and practice of routine, stops and arrests of such persons in a racially discriminatory manner and without sufficient evidence of wrongdoing.)

    g.   <u>Floyd, et al v. City of New York</u>, (08 CV. 1034) (USDC SDNY) (SAS)

126.   In addition, the following are City policies, practices and customs:

    a.   Falsely arresting innocent individuals, based on a pretext, in order to meet productivity goals;

22

b. Falsely swearing out criminal court complaints and lying and committing perjury during sworn testimony in order to protect other officers and to meet productivity goals;

c.  Fabricating evidence against individuals;

d. Using and threatening the use of excessive force on individuals;

e. Retaliating against individuals who engage in free speech;

f. Ignoring the constitutional rights of the general-public;

g. Ignoring the constitutional rights of the persons in their care and custody;

h. Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i. Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j. Inadequately and improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k. Tolerating acts of brutality;

l. IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m. Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection,

23

prosecution and punishment, and are maintained with deliberate indifference

n.  Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has become ingrained in the defendants so to constitute a policy of Defendant NYC, and NYPD/NYPD;

o.  Rewarding rogue-like behavior with financial compensation;

p.  Failing to intervene to prevent the above practices.

127.  As a result of the foregoing, Plaintiff Mitchell is entitled to actual, general, special and compensatory damages against the defendant NYC, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Eighth Cause of Action
Pendant New York State Claim for
Negligence in the Performance of Duties

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, further allege:

128.  That the Defendants negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officers would have used under similar circumstances; in that they carelessly, recklessly and negligently stopped, searched and seized Plaintiff Mitchell.

24

129.   That the Defendants were negligent, careless and reckless in the manner that they operated, controlled and maintained their agents, servants, and employees; and in that the Defendants, their agents, employees and servants were otherwise negligent, careless, and reckless.

130.   That the aforesaid occurrence, to wit: stop, search and seizure and other deprivations of constitutional and civil rights were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff Mitchell.

131.   That by reason of the aforesaid, the Plaintiff Mitchell was injured, was incapacitated and prevented from his usual occupation and will, upon information and belief, be so incapacitated in the future, still suffers and upon information and belief, will continue to suffer mental pain, and the Plaintiff has been otherwise damaged.

132.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


Ninth Cause of Action
Pendant New York State Claim for
Harassment, Intimidation, Assault and Battery

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

25

133. The Defendants deliberately, maliciously and unreasonably subjected plaintiff to an invasive body cavity search.

134. The Defendants knew or had reason to know that Plaintiff had not acted in a manner on the date and time in question that gave the defendants probable cause to conduct said search.

135. The Defendants knew or had reason to know that stopping, searching and seizing Plaintiff without probable cause would have resulted in a certain and unjustified harm and apprehension.

136. The Defendants knew or had reason to know that Plaintiff objected to the treatment because he vociferously decried the acts as flagrantly foul.

137. The Defendants were at all times unreasonable, reckless and grossly negligent in their actions towards Plaintiff.

138. Plaintiff was at all times conscious and aware of the imminent brutality and escalation of an unjustified and unreasonably forceful stop, search, and seizure as it unfolded and ultimately culminated into an invasive body cavity search

139. The aforesaid assault and battery described herein constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing damage.

140. The assault and battery described herein were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

141.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Tenth Cause of Action:
Pendant New York State Claim for
Negligence in Training and Supervising

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

142.    That the Defendant NYC, their agents, servants and employees, were negligent, careless and reckless in the training, supervision, direction, control, appointment and promotion of their agents, servants and employees.

143.    That the Defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

144.    That the Defendant NYC and the NYPD, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

27

145.    That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant NYC its agents, servants and employees without any negligence on the part of Plaintiff Mitchell.

146.    That the mistreatment and abuse of the Plaintiff as set forth above was the reasonably foreseeable consequence of said defendants' negligent conduct.

147.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Eleventh Cause of Action:
Pendant New York State Claim for
<u>Negligent Hiring and Retention</u>

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

148.    That the Defendant NYC was careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said Defendants lacked the experience, deportment and ability to be employed by Defendant NYC; in that Defendant NYC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of Defendant NYC.

149.    That Defendant NYC failed to investigate the above-named Defendant's background and in that they hired and retained as employees of their Police department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendant lacked the maturity,

sensibility and intelligence to be employed by Defendant NYC Defendant in that Defendant NYC knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees' and, in that Defendant NYC, their agents, servants and employees were otherwise careless, negligent and reckless.

150.   That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant NYC, its agents, servants and employees without any negligence on the part of the Plaintiff.

151.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Twelfth Cause of Action
Pendant New York State Claim
For Unlawful Detainer, False Arrest, False Imprisonment

Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

152.   That at all relevant times Plaintiff Mitchell was unequivocally innocent of any crime, had not violated or breached any law, code, rule, regulation, ordinance, statute, order or otherwise in effect.

153.   Plaintiff Mitchell was unlawfully detained, falsely arrested and falsely imprisoned by the defendants, their agents, servants and employees, including but not limited to the defendant officers.

29

154.    The aforesaid unlawful detainer, false arrest and false imprisonment of Plaintiff Mitchell was violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of Defendant NYC of New York.

155.    At all times Plaintiff Mitchell had not consented to being confined by the Defendants.

156.    At all times Plaintiff Mitchell was conscious of his restraint, loss of liberty and abduction.

157.    The Defendants lacked privilege or any other legal basis to confine Plaintiff Mitchell.

158.    As a result, of the foregoing, Plaintiff Mitchell suffered personal injuries, a violation of his civil and due process rights.

159.    As a result of the foregoing, Plaintiff Mitchell is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Thirteenth cause of Action
Pendant New York State Claim Conspiracy

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

160.    As set forth above, the defendant police officers conspired with and amongst one another to deprive Plaintiff Mitchell of his rights, privileges and immunities secured to them by federal and state laws.

30

161.    As a result of the aforementioned, Plaintiff suffered a deprivation of rights, privileges and immunities as well as severe and serious physical, psychological and emotional injuries.

162.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Fourteenth Cause of Action
Pendant New York State Claim
Violation of NY Constitution and Statutes

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

163.    Defendants have applied the executed stop, search and seizures practices in an intentionally discriminatory and race-based manner.

164.    Defendants have focused enforcement of stop, search and seizures practices in African-American and Latino communities.

165.    Defendants have targeted communities of color.

166.    Defendant NYC has acquiesced in, ratified, and failed to address widespread violations of the constitutional rights of Plaintiff and those similarly situated to be free from unreasonable searches and seizures, because of their race.

167.    These constitutional abuses were and are directly and proximately caused by policies, practices and customs devised, implemented, enforced, encouraged, and sanctioned by Defendant NYC, including: (a) targeted implementation of

31

sweeps, roving arrests and otherwise in communities of color; (b) the discriminatory failure to adequately and properly screen, train, support, and supervise NYPD officers in artificially designated "high-crime areas' where said arrest predominately occur; and (c) the discriminatory failure to adequately and properly monitor and discipline the NYPD officers.

168. By reason of the allegations contained herein, Plaintiffs were deprived by Defendants of the following rights, without limitation: his rights to free speech, to peacefully assemble, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizures, equal protection of the law, to be free from gratuitous and excessive force and punishment, and to due process of law, as guaranteed to them by the Constitution and statues of the State of New York and the Charter, rules and regulations of Defendant NYC of New York.

169. The Defendants' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all Defendants are liable.

170. By adopting and implementing the roving arrest policy and practice in this manner, Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of stop, search and seizure without the reasonable articulable suspicion of criminality required by the Constitution and laws of the State of New York.

171. By adopting and implementing the roving arrest policy and practice in this manner, Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and custom of arresting persons without probable cause to

32

establish that a criminal offense has been or is being committed as required by the Constitution and laws of New York.

172.   By sanctioning and enforcing the roving arrest policy and practice in this manner, Defendant NYC intentionally and under color of state law has stopped, seized, questioned, searched, and arrested Plaintiff Mitchell without reasonable suspicion or probable cause that a crime has been committed, in violation of the Constitution and laws of the State of New York.

173.   These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's suspicionless questioning and false arrest practice.

174.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


Fifteenth Cause of Action
Pendant New York State Claim Violation Of
Negligent and Intentional Infliction
of Emotional Distress

33

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

175. The aforesaid acts of the defendants, their agents, servants and employees, acting individually and in conjunction with the other defendants, were intentional, malicious and excessive, and served no reasonable or legitimate interest.

176. The Defendants' intentional, reckless and negligent infliction of emotional distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff Mitchell's physical safety.

177. As a result of the foregoing, Plaintiff Mitchell suffered severe and serious physical and psychological and emotional injuries.

178. As a result of the foregoing, Plaintiff Mitchell  is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


## Sixteenth Cause of Action:
## Pendant New York State Claim Violation Of
## <u>Negligence</u>

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

34

179.   As set forth above, Defendants, their agents, servants and employees were negligent and the actual and proximate cause of injuries and damages suffered by Plaintiff Mitchell.

180.   Defendants owed a duty of reasonable care to Plaintiff Mitchell.

181.   Defendants breached their duty of care to Plaintiff Mitchell.

182.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

183.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Seventeenth Cause of Action:
Pendant New York State Claim
<u>Respondeat Superior</u>

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein and further allege:

184.   Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the defendants.

185.   Inasmuch as the defendant officers were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, Defendant NYC and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

35

186.  As a result of the foregoing, Plaintiff is entitled to compensatory damages, and
      punitive damages against the individual defendants, and attorney's fees, costs,
      expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Eighteenth Cause of Action:
Pendant New York State Claim
<u>Failure to Protect and Intervene</u>

Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and
every allegation contained in the proceeding paragraphs with the same
force and effect as if more fully set forth herein, and further allege:

187.  All defendants, their agents, servants, and employees, owed a duty to care and
      protect Plaintiffs while he was in their custody, control and care.

188.  As set forth above, all defendants failed to protect Plaintiffs from known and
      dangerous harm.

189.  Those individual Defendants that were present but did not actively participate
      in the aforementioned unlawful conduct observed such conduct; had an
      opportunity to prevent such conduct; had a duty to intervene, mitigate and stop
      the events alleged herein, and failed to, inter alia, report the unlawful conduct
      alleged herein to supervisors; investigate, sanction, and discipline and
      participant.

190.  As set forth above, Defendants failed to intervene, mitigate and stop the events
      alleged herein.

191.  All Defendant s failed to report the unlawful conduct alleged herein to
      supervisors.

36

192.  The Defendant NYC, and NYPD, their agents, servants and employees failed to investigate, sanction, and discipline any of the defendant officers for their aforesaid unlawful conduct.

193.  Due to the Defendants' failure to protect the Plaintiffs, the Plaintiffs sustained damages.

194.  As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

195.  As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

Nineteenth Cause of Action
Pendant New York State Claim
<u>Prima Facie Tort</u>

Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein and further allege:

196.  The aforementioned acts and omissions of the defendants, their agents, servants, and employees, directly and proximately caused harm to be inflicted upon Plaintiff Mitchell.

197.  As a result of the foregoing, Plaintiff suffered injuries.

198.  As a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

<u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a)  General and compensatory damages against all Defendant, jointly and severally;

b)  Punitive damages in an amount sufficient punish individual Defendants and to deter other like them from repeating the same offenses, jointly and severally;

c)  Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

d)  Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          The 23rd day of April 2018

/s/ D. Andrew Marshall
_____
D. Andrew Marshall, Esq.
Attorney for the Plaintiff
225 Broadway, Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)
marshall.law4@verizon.net

38